**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**    C L O S E D
**SOUTHERN DIVISION**

TRINITY DAVIS, #233759,

        Petitioner,

                            Case No. 07-CV-12387
v.                            Honorable Anna Diggs Taylor

JOHN PRELESNIK,

        Respondent.

                               /

**OPINION AND ORDER (1) DENYING PETITIONER'S PETITION FOR WRIT OF
HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.      Introduction**

Petitioner Trinity Davis, a state inmate, currently incarcerated at the Mound Correctional

Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to

28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights.

Respondent argues in its answer that Petitioner's petition was not timely filed under 28 U.S.C.

§ 2244(d)(1). Petitioner contends that equitable tolling should apply because he has

demonstrated a credible showing of his actual innocence. For the reasons stated below, the

Court denies Petitioner's petition for failure to comply with the one-year statute of limitations set

forth at 28 U.S.C. § 2244(d)(1). The Court also denies a certificate of appealability and leave to

proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

Following a jury trial in Wayne County, Michigan, Circuit Court, Petitioner was

convicted of (1) one count of first-degree murder, MICH.COMP.LAWS § 750.316, (2) three counts

of assault with intent to murder, MICH.COMP.LAWS § 750.83, and (3) felony firearm,

MICH.COMP.LAWS § 750.227b.  For those respective convictions, Petitioner was sentenced to life

imprisonment for the first-degree-murder conviction, concurrent terms of fifteen-to-thirty-years

imprisonment for the assault-with-intent-to-murder convictions, and a consecutive sentence of

two-years imprisonment for the felony-firearm conviction.

Petitioner, through counsel, filed his appeal of right in the Michigan Court of Appeals,

which affirmed his convictions and sentences.  *People v. Trinity Davis*, No. 170828, 1996 WL

33358098 (Mich.Ct.App. Sept. 17, 1996).  Subsequently, Petitioner filed an application for leave

to appeal from that decision in the Michigan Supreme Court, which was denied on July 25, 1997.

*People v. Trinity Davis*, 455 Mich. 872, 568 N.W.2d 83 (1997).

Then, seven years later, on September 21, 2004, Petitioner filed a motion for relief from

judgment, pursuant to M.C.R. 6.500 *et. seq.*, which was denied on March 17, 2005.  *People v.*

*Trinity Davis*, No. 92-011780-01 (Wayne County Circuit Court, Mar. 17, 2005).  Petitioner filed

a motion for reconsideration from that decision, which was denied on March 10, 2006.  *People v.*

*Trinity Davis*, No. 92-011780-01 (Wayne County Circuit Court, Mar. 10, 2006).

Subsequently, on March 31, 2006, Petitioner filed an application for leave to appeal in

the Michigan Court of Appeals, regarding the trial court's denial of his motion for relief from

judgment, which was denied for failing to establish entitlement to relief under M.C.R. 6.508(D).

*People v. Trinity Davis*, No. 269445 (Mich.Ct.App. Oct. 11, 2006).  Petitioner does not appear to

have sought leave to appeal from that decision in the Michigan Supreme Court.

On January 11, 2007, Petitioner filed a complaint seeking habeas relief in the state courts, claiming the circuit court lacked jurisdiction to sentence him because the bind over was not certified. The case was dismissed on March 12, 2007, for failing to pay the minimum fee. *Davis v. Department of Corrections*, No. 275506 (Mich.Ct.App. Jan. 25, 2007).

Following, on May 29, 2007, Petitioner filed a petition for a writ of habeas corpus in this Court, challenging his convictions and sentences on the following grounds:

> I. Did the trial court abuse its discretion in denying [Petitioner] an evidentiary hearing regarding a proposed witness' newly discovered affidavit corroborating perjured testimony in support of his conviction?
>
> II. Did the trial court err in denying [Petitioner] his right to confrontation based on statements made by co-defendant's counsel in front of [Petitioner's] jury?

## III.  Analysis

### A.  Statute of Limitations

Respondent argues that Petitioner's petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any

impediment to filing the application was removed by the state; c) the date on which a newly

enacted constitutional right was created and made retroactive to cases on collateral review; and

d) the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state court direct appeal, the one-year statute of

limitations does not begin to run until the day after the petition for a writ of certiorari was due in

the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of

the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the

Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending is

not counted toward any period of limitation contained in the statute. A post-conviction relief

petition is "properly filed" under the statute if it meets the applicable state rules governing filing.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review

is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is

tolled during the time period between the state appellate court's decision and the state supreme

court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002);

*Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed

application for state post-conviction relief, while tolling the statute of limitations, does not serve

to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003).

In the pending case, Petitioner did not file his application for writ of habeas corpus

within the statute of limitations. Petitioner's application for leave to appeal to the Michigan

Supreme Court was denied on July 25, 1997. Petitioner then had ninety days from the Michigan

Supreme Court's Order denying his application for leave to appeal in which to seek a writ of

certiorari with the United States Supreme Court. With regard to the statute of limitations,

therefore, his convictions became final on or about October 25, 1997. The limitations period

commenced the following day, October 26, 1997, and continued to run uninterrupted until it

expired on October 26, 1998. Accordingly, Petitioner was required to file his habeas petition on

or before October 26, 1998, excluding any time during which a properly filed application for

state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244

(d)(2).

Petitioner did not file his state-court motion for relief from judgment until September 21,

2004. Thus, the one-year limitations period had expired well before Petitioner sought state post-

conviction review. A state-court-post-conviction motion that is filed following the expiration of

the limitations period cannot toll that period because there is no period remaining to be tolled.

*See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d

1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus,

Petitioner's state-post-conviction proceedings did not toll the running of the statute of

limitations.

The AEDPA's limitations period is only tolled while a prisoner has a properly filed

post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F.

Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run

anew after the completion of state-post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d

515, 519 (6th Cir. 2001).

Here, Petitioner's application for writ of habeas corpus, signed May 29, 2007, was filed

almost seven years after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

In his pleadings, Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claim is based upon newly-recognized constitutional rights. He does, however, assert that he is actually innocent and has attached the affidavit of Mitchell Diaz, which he contends is newly discovered evidence and demonstrates his actual innocence.

### B.    Due Diligence

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.; see also Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D), which allows the one-year statute of limitations to run anew upon the discovery of new evidence, does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. The United States Court of Appeals for the Sixth Circuit has noted that the AEDPA "does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado*, 337 F.3d at 644 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). It is the actual or putative knowledge of the pertinent facts of a claim

that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which involves the facts.  *See Tate v. Pierson,* 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001) (citing *Flanagan,*154 F.3d at 198-99)).  A habeas petitioner has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims.  *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

### C.      Equitable Tolling

Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling because the affidavit of Mitchell Diaz establishes a credible claim of his actual innocence.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.

2000)).  The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be

granted sparingly."  *Dunlap*, 250 F.3d at 1008.  The decision whether to equitably toll a period

of limitations is decided on a case-by-case basis.  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir.

2002).

      **D.**      **Petitioner's Claim of Actual Innocence**

Petitioner argues that he has made a credible showing of actual innocence, and equitable

tolling should be applied to allow consideration of his constitutional claims.

The Sixth Circuit has recently held that a credible claim of actual innocence may

equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter*

*v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As the *Souter* Court explained, a petitioner, in

order  to support a claim of actual innocence in a collateral proceeding "must demonstrate that,

in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him."  *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998)

(quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence

requires a petitioner "to support his allegations of constitutional error with new reliable

evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or

critical physical evidence–that was not presented at trial."  *Schlup*, 513 U.S. at 324.

Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."

*Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence.  Petitioner argues that the

affidavit of Mitchell Diaz demonstrates his actual innocence.  However, the Court finds that Mr.

Diaz's affidavit is not a sworn affidavit but rather, it is an unsworn, un-notarized statement

purportedly written by Mr. Diaz.  Moreover, the alleged statement by Mr. Diaz only establishes

that he (Mr. Diaz) could not be sure who did the actual shooting.  Rather, it does not establish

that Petitioner was not the shooter.  Thus, the statement does not demonstrate Petitioner's actual

innocence.  Petitioner therefore has failed to establish that he is entitled to equitable tolling of

the one-year limitations period.

Moreover, as the trial court explained in its decision denying Petitioner's motion for

relief from judgment, Petitioner has also failed to demonstrate due diligence in presenting this

claim as Mr. Diaz was named on the prosecution's witness list and could have been called as a

witness at trial.  Petitioner thus had actual or putative knowledge of that witness and the facts

supporting a possible "actual innocence" defense at the time of his trial and of his direct appeals.

Given such

circumstances, tolling of the one-year limitations period is unwarranted.  Petitioner's habeas

action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

In this case, Petitioner does not present new evidence that raises sufficient doubt about

his guilt or that undermines confidence in the result of his trial.  Therefore, the Court finds that

equitable tolling is not warranted based upon his claim of actual innocence.  Petitioner's petition

for writ of habeas corpus was not timely filed and is therefore denied.

**IV.    Conclusion**

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas

petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the

statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. There, no appeal is warranted. *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

DATED: May 7, 2008                                    s/Anna Diggs Taylor
                                                      ANNA DIGGS TAYLOR
                                                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 7, 2008.

Trinity Davis, #233759
Mound Road Correctional Facility
17601 Mound Road
Detroit, MI 48212

                                        s/Johnetta M. Curry-Williams
                                        Case Manager